No. 96-293

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOE EDWARD CHASTAIN,

Defendant and Respondent.


APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
Honorable Douglas G. Harkin, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Jeffrey T. Renz, Montana Defender Project, Missoula, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Pamela Collins,
Assistant Attorney General, Helena, Montana

Robert L. Zimmerman, Deputy County Attorney, Missoula, Montana



Submitted on Briefs: September 4, 1997

Decided: October 10, 1997
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Joe Edward Chastain was convicted of sexual intercourse without consent and sexual assault, in a jury trial in the Fourth Judicial District Court, Missoula County. He appeals. We reverse.

The dispositive issue is whether Chastain was denied effective assistance of counsel through omissions by his attorney during and as a result of voir dire.

In May 1995, Chastain was arrested on two counts of sexual intercourse without consent and one count of sexual assault. The three complaining witnesses were young female relatives of Chastain. The charges alleged that Chastain digitally fondled one girl's, and penetrated the other two girls', vaginal areas during a camping trip in summer 1992.

A two-day jury trial was held on November 7 and 8, 1995. The jury found Chastain not guilty of one count of sexual intercourse without consent, but guilty of the other count of sexual intercourse without consent and of sexual assault. Chastain was sentenced to serve forty years at Montana State Prison.

## Discussion

Was Chastain denied effective assistance of counsel through omissions by his counsel during and as a result of voir dire?

A criminal defendant is denied effective assistance of counsel if: (1) his counsel's conduct falls short of the range reasonably demanded in light of the Sixth Amendment to the United States Constitution; and (2) counsel's failure is prejudicial. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

During voir dire, Chastain's defense counsel asked prospective jurors whether they had heard about this case. One panelist responded that he had read about the case in the newspaper and that he had strong feelings. At that point, defense counsel asked that this prospective juror be further interviewed in chambers, to which the court agreed.

The following colloquy occurred in chambers.

THE COURT: Let the record reflect the jury is not present.

Q. [BY DEFENSE COUNSEL] I didn't mean to embarrass you or anything; but, from my trial strategy, you are a vital part of being on the jury or not on the jury, so my question is: You said you had strong feelings about the case?

A. Well, not so much about this case. My little sister was abducted when she was about 16 years old, or actually she was driving a car and somebody jumped in her car. Fortunately she bailed out and he was caught, but I have really strong feelings about what could have happened, and it could taint my judgment.

Q.  Okay.  It could?

A.  Uh-huh.

Q.  Um, of course, not favorably against the Defendant, probably--

A.  Probably not favorably, no.

Q.  Okay.  That's all I needed to know.  I just wanted to make sure we were in chambers.

A.  I wasn't going to say anything out there.

THE COURT: Do you have any questions?

[COUNSEL FOR THE STATE]: No.

THE COURT:  Thank you, sir.

Defense counsel did not challenge this prospective juror, who served on the jury. In answer to the same voir dire question from defense counsel, a second member of the jury panel said that she remembered seeing an article about the case in the newspaper, but did not remember reading the article.  Defense counsel questioned her as follows:

Q.  From what you do remember, how does it affect your duty in this particular case?

A.  I don't really know what to do.

Q.  Do you think that what you've read would impair your judgment toward my client or towards the State?

A. It's hard for me to say.  I do have--when I read about something like that, I do kind of evoke some strong feelings.

Counsel then asked the prospective juror to verify her name, but he did not further pursue this line of inquiry.  Nor did he challenge her as a juror.  The woman served on the jury.

A criminal defendant has the right to challenge a prospective juror for cause if that prospective juror "[has] a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party."  Section 46-16-115(2)(j), MCA.  There is no statutory limit upon the number of challenges for cause which a party may raise. "The purpose of voir dire in a criminal proceeding is to determine the existence of bias and prejudice on the part of prospective jurors and to enable counsel to intelligently exercise

his peremptory challenges."  Great Falls Tribune v. District Court (1980), 186 Mont. 433, 440, 608 P.2d 116, 120.  In addition to the right to raise challenges for cause, a defendant in a criminal trial is allowed six peremptory challenges to prospective jurors.  Section 46-16-116, MCA.

Juror bias may be presumed by reason of potential for substantial emotional involvement as expressed in the record.  United States v. Eubanks (9th Cir. 1979), 591 F.2d 513, 517.  Moreover:

A court must excuse a prospective juror if actual bias is discovered during voir dire.  Bias can be revealed by a juror's express admission of that fact, but, more frequently, jurors are reluctant to admit actual bias, and the reality of their biased attitudes must be revealed by circumstantial evidence.  We agree with the observation in Kiernan v. Van Schaik (3rd Cir. 1965), 347 F.2d 775, 781: "That men will be prone to favor that side of a cause with which they identify themselves either economically, socially, or emotionally is a fundamental fact of human character."

United States v. Allsup (9th Cir. 1977), 566 F.2d 68, 71.

It is incumbent upon a party to develop information in the record that demonstrates a juror's bias as to a party or an issue in the case. Defense counsel had a clear duty to ensure Chastain's right to a fair trial by a panel of impartial jurors.  The principal way in which this right to trial by "indifferent" jurors is secured is through the system of challenges exercised during voir dire.  Inhibition of the right to challenge peremptorily or for cause is usually deemed prejudicial error, without a showing of actual prejudice.

Allsup, 566 F.2d at 71.

In this case, the statements of both prospective jurors quoted above demanded, at a minimum, additional inquiry.  Both prospective jurors expressed reservations about their ability to judge this case fairly.  Yet counsel failed to follow up with additional questions asking whether those prospective jurors could set aside their feelings and render a fair verdict.  Nothing in the record explains this failure.  Other than counsel's bare comment that the first prospective juror was "a vital part of being on the jury or not on the jury," the record does not reflect a tactical decision by defense counsel not to challenge these two jurors.  Nor does the record explain counsel's failure to exclude these two jurors under the peremptory challenges allowed pursuant to  46-16-116, MCA.

The evidence against Chastain was not so overwhelming that defense counsel's failure to examine these jurors for cause or to exercise even one for-cause challenge can be viewed as harmless error.  Chastain was acquitted on one of the charges of sexual intercourse without consent.  There was no physical evidence.  Three years passed between the camping trip and when Chastain was arrested and formally charged.  The

accusations were made by children of a young age. Chastain had never before been accused of similar acts.

Where, as here, defense counsel abandons his client's right to challenge a juror for no apparent reason, error must be attributed to the lawyer. As stated in Eubanks, 591 F.2d at 517, the presence on the jury of even one juror who could not fairly assess the credibility of the witnesses must be presumed prejudicial. Thus, the two prongs of the Strickland test for ineffective assistance of counsel are met. We hold that, under the circumstances here presented, counsel's failure to take steps to prevent the presence on the jury of two jurors who may not have been able to fairly serve amounts to ineffective assistance of counsel. Because we reverse Chastain's conviction on that basis, we need not consider the other issues raised on appeal.

Chastain's conviction is reversed and this case is remanded for retrial or other further proceedings consistent with this Opinion.

/S/ J. A. TURNAGE

We concur:

/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ WILLIAM E. HUNT, SR.

Justice Karla M. Gray, dissenting.

I respectfully dissent from the Court's opinion. As I read it, that opinion strongly suggests that the two jurors at issue successfully could, and should, have been challenged for cause pursuant to the governing statute. The Court also determines that counsel was ineffective in failing to follow up with further inquiry to the two prospective jurors, assumes that bias sufficient to establish grounds for challenges for cause would have been established had additional inquiry been made, and then concludes that Chastain has established the two Strickland prongs necessary for ineffective assistance of counsel. I cannot agree to any of these determinations.

The Court correctly quotes 46-16-115(2)(j), MCA, in stating that a prospective juror may be challenged for cause if that person has "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." In

that regard, we have held that "[i]t is only where [prospective jurors] form fixed opinions on the guilt or innocence of the defendant which they would not be able to lay aside and render a verdict based solely on the evidence presented in court that [the prospective jurors] become disqualified as jurors." Great Falls Tribune v. District Court (1980), 186 Mont. 433, 439-40, 608 P.2d 116, 120. When a challenge for cause is made, it is not automatically granted, but is tried by the district court. See 46-16-115(1), MCA. Both parties then have an opportunity to make a record with regard to whether grounds for excusing the juror for cause exist.

It is clear that the record as it exists in this case would not--on a stand-alone basis, without more--have supported a successful challenge for cause of either of these two potential jurors. Neither prospective juror indicated a fixed opinion of guilt much less any opinion of guilt which they would have been unable to set aside. The male panelist said that his really strong feelings about what could have happened in his sister's case "could" taint his judgment in Chastain's case and evince feelings which would not be favorable to the defendant. The female panelist stated only that she had seen a newspaper article about the case, that she did not remember reading it, and that when she read about "something like that, I do kind of evoke some strong feelings." On this record, neither of these jurors meets the statutory standard of "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of [the defendant]."

Moreover, while I agree with the Court that it is the party's obligation to develop information that demonstrates a juror's bias as to that party or an issue in the case, the record before us does not support a conclusion that defense counsel did not discharge this obligation here. One must assume that these jurors were, indeed, biased in order to conclude that defense counsel's performance was deficient here; I am not willing to join the Court in making that assumption. While the Court concludes that defense counsel erroneously abandoned his right to challenge for cause, it is just as likely that, in not following up with these prospective jurors on the basis of their expressed feelings which were almost entirely unrelated to the case at hand, defense counsel was aware of the relatively difficult task of establishing bias under 46-16-115(2)(j), MCA, and Great Falls Tribune. In my opinion, Chastain has not established that counsel's

performance was deficient and, therefore, I would conclude that he did not meet the first Strickland prong.

Furthermore, while I agree with the Court's adoption of the Allsup rationale that the presence of a juror who could not fairly assess the credibility of the witnesses must be presumed prejudicial, I submit that the record before us does not establish the presence of such a juror in this case and, as a result, the Allsup rationale is inapplicable. The fact is that the empaneled jury, including both of the jurors at issue in this ineffective assistance of counsel claim, acquitted Chastain of one count of sexual intercourse without consent. That fact alone, in my view, belies any Allsup notion that the case presently before us involves a juror who could not fairly assess the credibility of the witnesses.

Absent such a circumstance in which prejudice properly may be presumed, the burden of establishing prejudice, as required by Strickland, remains on the defendant. The record before us contains substantial evidence in support of the charges against Chastain and he was acquitted of one charge of sexual intercourse without consent. It is my view that, on this record, Chastain has not established prejudice and that, even assuming counsel had a duty to follow up with further inquiry of these potential jurors, the second Strickland prong is not met.

I would conclude that Chastain has not established ineffective assistance of counsel and, with regard to the second issue he raises, that sufficient evidence supports the jury verdict finding him guilty of one count of sexual intercourse without consent and sexual assault. As a result, I would affirm the District Court.

/S/  KARLA M. GRAY